UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIRENO WASHINGTON, [1] <br> RICO TORIANO KIMBROUGH, [2] <br> *Petitioners,* <br> vs. <br> UNITED STATES OF AMERICA <br> *Respondent* | Arising out of: 3:08-cr-121-RLM <br><br> Cause Nos.: 3:16-cv-405 [1] <br> 3:16-cv-406 [2] |

OPINION AND ORDER

Tireno Washington and Rico Toriano Kimbrough pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(d), and using a firearm during a crime of violence, 18 U.S.C. § 924(c). This matter is before the court on their respective motions to vacate their sentences under 28 U.S.C. § 2255. Because the motions, issues, relevant facts, and rationales are identical, the court addresses both motions with a single opinion and order. For the reasons that follow, the court denies the motions of Messrs. Washington and Kimbrough.

I. BACKGROUND

Mr. Washington, Mr. Kimbrough, and others planned the robbery of Elcose Federal Credit Union in Elkhart, Indiana. The two pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(d), and possession of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). Each of their sentences included a mandatory 60 month imprisonment for the possession conviction and required

that it be served consecutively to their sentences for the robbery convictions. Today's issue is whether, after the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2251 (2015), armed bank robbery is a "crime of violence" as defined under § 924(c)(3). If not, then their § 924(c) possession convictions are invalid.

Guilt under § 2113(d) requires committing a bank robbery "by force and violence, or by intimidation," § 2113(a), and, while doing so, "assault[ing] any person, or put[ting] in jeopardy the life of any person by the use of a dangerous weapon or device." § 2113(d). Guilt under § 924(c) requires that "during and in relation to any crime of violence," the defendant "use[ ] or carr[y] a firearm" or, "in furtherance of any such crime, possess[ ] a firearm." § 924(c)(1)(A). Last, "crime of violence" for purposes of § 924(c) is defined as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "elements clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "force clause"].

§ 924(c)(3).

On June 26, 2015, the Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson concerned the Armed Career Criminal Act, which imposes a fifteen-year minimum sentence on any defendant with three prior "violent felony" convictions. The statute defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that –

2

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the "elements clause"]; or

(ii) is burglary, arson, or extortion, involves use of explosives [the "enumerated offenses clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"];

18 U.S.C. § 924(e)(2)(B). Johnson held that the residual clause of the ACCA is so vague that it violates the Due Process Clause, U.S. CONST. amend. V. The Supreme Court later decided that Johnson announced a substantive rule retroactively applicable to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Messrs. Washington and Kimbrough argue that armed bank robbery under § 2113(d) isn't a "crime of violence" as defined under § 924(c)(3). They argue: first, that armed bank robbery isn't a "crime of violence" under the elements clause, § 924(c)(3)(A); second, that armed bank robbery isn't a "crime of violence" under the force clause, § 924(c)(3)(B), because Johnson applies to § 924(c)(3)(B) as well as the ACCA; and third, as a result, both petitioners are innocent of violating § 924(c) and not subject to its mandatory five-year sentence. This court holds that armed bank robbery is a "crime of violence" under the elements clause. It needn't reach the Johnson question[1] and the § 924(c) convictions are still valid.

---

[1] This court held, though, in United States v. Jackson, 3:15-cr-6 (N.D. Ind. Dec. 2, 2015), now on appeal before the Seventh Circuit in case No. 15-3693, that the force clause in the definition of "crime of violence" in § 924(c) is constitutional. That decision predated United States v. Vivas-Ceja, 808 F.3d 719 (7th Cir. 2015). Because these petitions are denied based on the elements clause alone, the court needn't address how Vivas-Ceja would impact its holding in Jackson.

## II. STANDARD OF REVIEW

A person convicted of a federal crime can challenge his sentence on the ground that the sentence violates the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Generally, issues not argued and decided on direct appeal can't be raised in a § 2255 petition unless the petitioner can show good cause and actual prejudice for the procedural default. Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002).

An evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255. After reviewing the petitions and the records of these cases, the court concludes that the factual and legal issues raised can be resolved on the record, so no hearing is necessary. *See* Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000) (hearing not required where the record conclusively demonstrates that a petitioner is entitled to no relief on § 2255 motion).

## III. DISCUSSION

Bank robbery under § 2113(d) is a "crime of violence" under the elements clause of § 924(c)(3). In interpreting the Federal Sentencing Guidelines, the court of appeals held that "[a] defendant properly convicted of bank robbery is guilty per se of a crime of violence, because violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery." United States v. Jones, 932 F.2d 624, 625 (7th Cir. 1991). Jones is still good law and binds this court's interpretation of § 924(c).

4

The "elements clause" in the Guidelines is virtually identical to that in § 924(c)(3). Interpretations don't vary between the Guidelines and parallel statutory language. *See* United States v. Hurlburt, No. 14-3611, 2016 WL 4506717, at *4 (7th Cir. Aug. 29, 2016) ("As we've explained, § 4B1.2(a)(2)'s definition of 'violent felony' contains the same residual clause [as § 924(e)(2)(B)], and we interpret the two provisions interchangeably."); United States v. Griffin, 652 F.3d 793, 802 (7th Cir. 2011) ("[T]he definition of 'violent felony' under the ACCA is the same as the definition of 'crime of violence' in section 4B1.2 of the guidelines, and it would be inappropriate to treat identical texts differently just because of a caption.") (internal quotations omitted). Just as § 924(e)(2)(B)'s elements clause is interpreted the same as the elements clause of Guidelines § 4B1.2(a), the "elements" clause in § 924(c)(3) is virtually identical to these others and is interpreted identically.

Mr. Kimbrough and Mr. Washington object to applying Jones to these cases for three reasons: (1) Jones doesn't apply the categorical approach to interpreting the elements clause, (2) Jones misunderstands the state of mind requirement for "intimidation" under § 2113, and (3) Jones doesn't reflect changes in the interpretation of "physical force" adopted in cases like Flores v. Ashcroft, 350 F.3d 666 (7th Cir. 2003).

First, although Jones predates a strict categorical approach in interpreting the elements clause, Jones lays down a blanket rule for bank robberies: "[a] defendant properly convicted of bank robbery is guilty per se of a crime of

5

violence" by way of the elements clause. Jones, 932 F.2d at 625. This holding is categorical.

Jones also held "that the only time a judge is entitled to conduct an inquiry into the facts underlying the prior offense is where that offense can be committed without violence within the meaning of section 4B.1." *Id.* (emphasis omitted) Later precedent requiring a categorical approach when applying the elements clause, Descamps v. United States, 133 S. Ct. 2276, 2283 (2013), contradicts this second holding but is unrelated to the first that bank robbery is always a "crime of violence." The Jones court thought a factual inquiry isn't needed in bank robberies because bank robbery, whether "by force and violence, or by intimidation," always "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." §§ 2113(a), 924(c). The case for a categorical rule in bank robbery was so compelling that the court adopted a categorical rule even though it wasn't required to do so.

Second, Mr. Kimbrough and Mr. Washington cite precedent from the Fourth Circuit that "intimidation" under § 2113(a) is based on an objective standard, United States v. Woodrup, 86 F.3d 359 (4th Cir. 1996), leaving open the possibility of a defendant being objectively intimidating without having the subjective intent "to threaten use of physical force" under § 924(c). All Woodrup did, though, was "present[ ] the issue of whether bank robbery by intimidation requires a *specific* intent to intimidate." United States v. McNeal, 818 F.3d 141, 155 (4th Cir. 2016). The Fourth Circuit concluded, based on Carter v. United States, 530 U.S. 255 (2000), that the government must prove that the defendant

6

"knew that his actions were objectively intimidating" as "proof of *general intent*." McNeal, 818 F.3d at 155 (quoting Carter, 530 U.S. at 268).

This means the government may prove that a defendant intended to intimidate, but this is for the purpose of proving that the defendant "possessed knowledge with respect to the actus reus of the crime (here, the taking of property of another by force and violence)." *Id.* A defendant must know that his actions are objectively intimidating to be convicted of the crime. McNeal is perfectly consistent with the requirement in Jones that the defendant's actions be "calculated to create the impression that any resistance or defiance by the teller would be met with force," Jones, 932 F.2d at 625. McNeal relies on the reasoning in Jones, McNeal, 818 F.3d at 153 ("As the Seventh Circuit explained in its *Jones* decision, '[t]here is no 'space' between 'bank robbery' and 'crime of violence" because 'violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery.'") (quoting Jones, 932 F.2d at 625), and outright endorses Jones. *Id.* ("Put succinctly, the reasoning of *Jones* . . . is persuasive.").

Third, Mr. Kimbrough and Mr. Washington argue that cases like Flores v. Ashcroft, 350 F.3d 666 (7th Cir. 2003) and United States v. Johnson, 559 U.S. 133 (2010) narrowed the interpretation of "physical force" to mean "*violent* force – that is, force capable of causing physical pain or injury to another person," Johnson, 559 U.S. at 138, so one can "intimidate" under the bank robbery law without violent force, and so bank robbery isn't categorically a "crime of violence" under the elements clause.

7

The narrowed meaning of "physical force" isn't a high bar. "Physical force" "might consist of nothing more than a slap in the face." United States v. Duncan, No. 15-3485, 2016 WL 4254936, at *3 (interpreting the elements clause of the ACCA). Duncan instructs that it's sufficient to put the victim in fear of physical force. The Indiana crime of robbery "by fear," requires fear of bodily injury. *Id.* at *5. Fear of bodily injury is sufficient for the elements clause so long as the law requires "proof that the robber put the victim in fear that the robber was prepared to use 'physical force,'" "force capable of causing physical pain or injury to another person." *Id.* The same goes for bank robbery by "intimidation": "Intimidation means the threat of force . . . , whether the behavior of the defendant and his accomplice constituted a threat, which in turn depends on whether their conduct and words were calculated to create the impression that any resistance or defiance by the teller would be met with force." Jones, 932 F.2d at 625. Threat of physical harm is built into the element of "intimidation," and so bank robbery by intimidation "threaten[s] use of physical force" under the elements clause.

Intimidation is an element that requires threat of the use of physical force against the person or property of another. Armed bank robbery is thus a "crime of violence" under the elements clause of § 924(c). Johnson doesn't overturn Jones. The possession convictions are valid.

8

IV. Conclusion

Based on the foregoing, the court DENIES Mr. Washington's motion to vacate [Cause No. 3:16-cv-405, Doc. No. 86] and DENIES Mr. Kimbrough's motion to vacate [Cause No. 3:16-cv-406, Doc. No. 87].

SO ORDERED.

ENTERED:  October 6, 2016

/s/ Robert L. Miller, Jr.
Judge
United States District Court